# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| Marianne Smith Bragg and James W. Smith, | ) | |
| | ) | |
| Plaintiffs, | ) | **COMPLAINT** |
| | ) | |
| v. | ) | **CIVIL ACTION NO.** |
| | ) | |
| Franklin Collection Service, Inc., a corporation, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| | ) | |
| Defendant. | ) | |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), Defendant's violations of the Electronic Funds Transfer Act, 15 U.S.C. §1693 et seq. ("EFTA"), negligent, reckless and wanton training and supervision by the Defendant and invasions of the Plaintiffs' right of privacy by the Defendant in its illegal efforts to collect a consumer debt.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendant transacts business here.

## PARTIES

4. The Plaintiff, Marianne Smith Bragg, is a natural person who resides in the City of Madison, County of Madison, State of Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. The Plaintiff, James W. Smith, is a natural person who resides in the City of Madison, County of Madison, State of Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant, Franklin Collection Service, Inc., is a collection agency operating from an address of 2978 West Jackson Street, Tupelo, Mississippi 38801, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7. On or about the year 2007, Plaintiff James W. Smith suffered a severe heart attack and had an extended stay at Huntsville Hospital in Huntsville, Alabama for approximately two weeks. After leaving the hospital, he was set up by his physician to return to The Heart Center located in Huntsville, Alabama. He had to continue to go to The Heart Center and after a period of time the medical bills from The Heart Center became so overwhelming that he would continue to try to pay the debt as he could. Because of his medical conditions, he could not continue to work and could not continue to pay his bills at The Heart Center even though he continued to need medical treatment.

8. The bills from The Heart Center were turned over to Defendant Franklin Collection Service, Inc. sometime thereafter and Plaintiff James W. Smith began receiving phone calls and letters from the Defendant, Franklin Collection Service, Inc., regarding his alleged bills with The Heart Center. Because the contact from the Defendant became so insistent, Plaintiff James W. Smith became worried and upset. Concerned about her father's health, Plaintiff Marianne Smith Bragg contacted Defendant Franklin Collection Service, Inc. on or about April, 2008 and authorized a one-time payment of $50.00 to be taken out of her bank account on April 30, 2008 to assist with her father's debt. This is the only amount she ever authorized to be taken from her account in order to help her father pay for a debt that was not her debt.

9. The Defendant, Franklin Collection Service, Inc., took $50.00 from the Plaintiff Marianne Smith Bragg's bank account on April 30, 2008. The Defendant then illegally, wrongfully and without authorization took three additional amounts on May 1, 2008 in the amount of $10.00, $50.00 and $50.00 for a total of $110.00 which caused her bank account to be overdrawn. Plaintiff Marianne Smith Bragg then had to put a stop payment with her bank account which cost her additional money. See Exhibits A, B, C, D and E.

10. On or about May 5, 2008, Plaintiff Marianne Smith Bragg called the Defendant to make sure they took no further money from her and the Defendant told the Plaintiff that she would have to send a letter or they would not stop seizing money from her

account. As a result, the Plaintiff had to go to her bank and her bank actually faxed a letter to the Defendant on May 5, 2008. See Exhibit F.

11. On or about May 16, 2008, the Defendant then illegally and wrongfully went into the Plaintiff's bank account and seized $80.00 which caused her account to be overdrawn again. Following this illegal seizure, Plaintiff Marianne Smith Bragg again called the Defendant and they told her they would not stop taking money from her. The Plaintiff then went again to her bank to put a stop payment again which cost her additional money. Subsequent to that, on or about May 23, 2008, the Plaintiff was forced to close her bank account since the Defendant was now illegally trying to get an additional $90.00 from her account. See Exhibits G and H.

12. On or about June 5, 2008, Plaintiff Marianne Smith Bragg received a letter from the Defendant stating that she had a dishonored instrument in the amount of $90.00 plus a service charge of $40.00 which she allegedly now owed to the Defendant. See Exhibit I. Panicked and upset, Plaintiff Marianne Smith Bragg called the Defendant and asked them why they continued trying to seize money from her bank account which she had told them was closed and she further had told them to not touch her bank account. Following that call, the Plaintiff received another letter on or about June 5, 2008 stating that she had a dishonored check in the amount of $10.00 plus a $40.00 service charge that she owed to the Defendant. See Exhibit J.

13. On or about June 30, 2008, Plaintiff Marianne Smith Bragg sent a letter to the Defendant by certified mail, return receipt requested, in which she stated that she

disputed the alleged debt, refused to pay it, and did not wish to be contacted again by the Defendant. See Exhibit L. This letter was signed for by Nick Moreland of Defendant Franklin Collection Service, Inc. on July 2, 2008. See Exhibit M. Incredibly, she then got yet another letter for a dishonored check in the amount of $90.00 plus the $40.00 service charge in early July, 2008. See Exhibit K. Thereafter the Defendant continued to call and write Plaintiff James W. Smith and Plaintiff Marianne Smith Bragg several times. The Defendant also changed their letters on the dishonored instruments addressing them directly to Plaintiff James W. Smith who did not have any dishonored checks due to the illegal seizures by the Defendant and for which there was no authorization or permission ever given by Plaintiff Marianne Smith Bragg. See Exhibits N and O.

14. On or around July 20, 2008, Plaintiff James W. Smith received a call from Defendant Franklin Collection Service, Inc. Interestingly, the Defendant did not ask Plaintiff James W. Smith about the alleged debt that he owed The Heart Center but they did call to ask him what he knew and how he would pay for the bad check that his daughter, Plaintiff Marianne Smith Bragg, wrote to them in the amount of $90.00. Defendant Franklin Collection Service, Inc. then told the Plaintiff to have his daughter to call them to discuss the bad check.

15. On or about July 26, 2008, Plaintiff Marianne Smith Bragg got a letter stating that the Defendant was sending another check to her bank for payment in an attempt to seize money from her account in the amount of $125.00 plus a processing fee. See

Exhibit N. The Plaintiff was greatly upset and called the Defendant and asked them not to send the check in at all. The Defendant said no to her request and that they would send it in. On or about August 6, 2008, the Plaintiff received yet another letter stating that she had a dishonored check in the amount of $90.00 plus a $40.00 service charge. See Exhibit O. This was in spite of a letter that the Plaintiff sent on or about June 30, 2008 certified and signed for by Nick Moreland which stated that they were not to touch her account at all.

16. The conduct of Defendant Franklin Collection Service, Inc., in harassing Plaintiffs Marianne Smith Bragg and James W. Smith in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692b(2), 1692c(c), 1692d, 1692e, 1692e(10), and 1692f, amongst others.

### *Summary*

17. Plaintiffs have suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of privacy at the Plaintiffs' homes.

### **TRIAL BY JURY**

18. Plaintiffs are entitled to and hereby respectfully demand a trial by jury. US Const. amend. 7. Fed.R.Civ.P.38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §1692 et seq.

19. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §1692 et seq.

21. As a result of the Defendant's violations of the FDCPA, Plaintiffs are therefore entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3) from the Defendant herein.

### COUNT II.

### INVASION OF THE RIGHT OF PRIVACY

22. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The Defendant undertook and or directed a series of communications to the homes of the Plaintiffs constituting an invasion of privacy, as set out and described in the common law of the State of Alabama. Said communications were systematic and

continuous in number and made in disregard for the Plaintiffs' right to privacy. Said communications were made to force, coerce, harass, embarrass and/or humiliate the Plaintiffs into paying a debt.

24. Said invasions were intentional, willful, and malicious and violated the Plaintiffs' privacy. The Plaintiffs aver that the communications were made by various individuals who were employees of and acting on behalf of the named Defendant.

25. As a result of such invasions of the right of privacy, Plaintiffs are entitled to compensatory and punitive damages in an amount to be determined at trial from the Defendant.

## COUNT III.

## VIOLATION OF THE ELECTRONIC FUNDS TRANSFER ACT

## 15 U.S.C. §1693 et seq.

26. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The Defendant never obtained written authorization from the Plaintiff at the time they solicited a preauthorized electronic funds transfer from the Plaintiff's bank account nor was any written authorization provided to the Plaintiff in violation of the Electronic Funds Transfer Act, 15 U.S.C. §1693 et. seq.

28. As a result of the Defendant's actions, the Plaintiffs suffered damages including actual damages, consequential and statutory damages.

## COUNT IV.

## NEGLIGENT, RECKLESS AND WANTON TRAINING AND SUPERVISION

29. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The Defendant knew or should have known of the conduct set forth herein which was directed at or visited upon the Plaintiffs.

31. The Defendant knew or should have known that said conduct was improper.

32. The Defendant negligently, recklessly and wantonly failed to train and supervise debt collectors in order to prevent said improper conduct.

33. The Defendant negligently, recklessly and wantonly failed to train and supervise debt collectors on the FDCPA as it related to communications with consumers.

34. The Defendant's actions constitute negligent, reckless and wanton training and supervision under the common law of the state of Alabama.

35. As a result of the Defendant's negligence, recklessness and wantonness, the Plaintiffs suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering and pain and anguish.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray that judgment be entered against the Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §1692 et seq.

1. for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against the Defendant and for the Plaintiffs;

2. for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendant and for the Plaintiffs;

3. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) against the Defendant and for the Plaintiffs;

## COUNT II.

## INVASION OF THE RIGHT OF PRIVACY

4. for an award of compensatory and punitive damages from the Defendant for the physical sickness and emotional distress suffered as a result of FDCPA violations and invasions of the right of privacy in an amount to be determined at trial and for the Plaintiffs; and

5. for such and other further relief as may be just and proper.

## COUNT III.

## VIOLATION OF THE ELECTRONIC FUNDS TRANSFER ACT

### 15 U.S.C. §1693 et seq.

6. for an award of actual, consequential and statutory damages, together with their costs of action and the reasonable fees of their attorneys, from the

Defendant and for the Plaintiffs arising from unauthorized electronic fund transfers; and

7. for such other and further relief as may be just and proper.

## COUNT IV.

## NEGLIGENT, RECKLESS AND WANTON TRAINING AND SUPERVISION

8. for an award of compensatory and punitive damages from the Defendant for the physical sickness and emotional distress suffered as a result of the FDCPA violations and the negligent, reckless and wanton training and supervision of the Defendant at an amount to be determined at trial and for the Plaintiffs; and

9. for such and other further relief as may be just and proper.

| Dated: March 13, 2009 | Respectfully submitted, |
|---|---|
| HAYS CAULEY, P.C. | BOND, BOTES, SYKSTUS, TANNER & EZZELL, P.C. |
| By:/s/Penny Hays Cauley<br>Penny Hays Cauley<br>P.O. Box 509<br>Darlington, South Carolina 29540<br>Telephone: (843) 393-5200<br>Facsimile: (843) 393-5202<br>Email: phc917@hayscauley.com<br>**Attorney for Plaintiffs** | By:/s/Ronald C. Sykstus<br>Ronald C. Sykstus, Esq.<br>415 Church Street, Suite 100<br>Huntsville, Alabama 35801<br>Telephone:  (256) 539-9899<br>Direct Voice: (256) 713-0221<br>Facsimile: (256) 539-9895<br>Email: rsykstus@bondnbotes.com |
|  | **Attorney for Plaintiffs** |