FILED

2009 Apr-28  PM 03:15
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| MARIANNE SMITH BRAGG | ) | |
| AND JAMES W. SMITH | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | CV-09-J-0496-NE |
| | ) | |
| FRANKLIN COLLECTION | ) | |
| SERVICE, INC., | ) | |
| | ) | |
| **Defendant.** | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

**COMES NOW** Defendant Franklin Collection Service, Inc. ("FCS" or "Defendant"), a corporation, and answers each allegation of Plaintiffs Marianne Smith Bragg and James W. Smith's ("Plaintiffs") Complaint and asserts its affirmative defenses in the above-styled action, as follows:

## ANSWER

FCS answers the allegations in the Complaint by denying all allegations not expressly admitted. FCS further states that it answers the allegations contained in the Complaint on the basis of information currently available to it and expressly reserves the right to amend its answer and affirmative defenses as it obtains additional information. As to each specific allegation of the Complaint, FCS responds as

follows:

<strong><u>JURISDICTION</u></strong>

1.      The allegations contained in Paragraph 1 of the Complaint are legal conclusions that do not call for a response from FCS.

2.      The allegations contained in Paragraph 2 of the Complaint are legal conclusions that do not call for a response from FCS.  To the extent a response is required, FCS denies the allegations contained in Paragraph 2 of the Complaint.

3.      The allegations contained in Paragraph 3 of the Complaint are legal conclusions that do not call for a response from FCS.

<strong><u>PARTIES</u></strong>

4.       FCS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint and therefore denies same.

5.      FCS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint and therefore denies same.

6.      FCS admits the allegations contained in Paragraph 6 of the Complaint.

<strong><u>FACTUAL ALLEGATIONS</u></strong>

7.      FCS is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 7 of the Complaint and therefore denies same.

8.     FCS admits that The Heart Center placed certain of Plaintiff Smith's defaulted debts with FCS for collection.   FCS admits that it engaged in debt collection efforts pertaining to Plaintiff Smith's defaulted debts.   FCS denies the remaining allegations contained in Paragraph 8 of the Complaint.

9.     FCS admits that it withdrew $50.00 from Plaintiff Bragg's bank account on or about April 30, 2008, said electronic withdrawal being duly authorized by Plaintiff Bragg.   FCS denies the remaining allegations contained in Paragraph 9 of the Complaint.

10.     FCS admits that Plaintiff Bragg called FCS on or about May 5, 2008 regarding money withdrawn from her checking account.   FCS denies telling Plaintiff Bragg that FCS would continue to seize money from Plaintiff Bragg's account until she sent a letter from her bank.   FCS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of the Complaint and therefore denies same.

11.     FCS denies that it illegally and wrongfully went into Plaintiff Bragg's bank account and seized $80.00.   Plaintiff Bragg called FCS on or about May 21, 2008.   FCS is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 11 of the Complaint pertaining to Plaintiff Bragg's stop payment order and the closing of her bank account and therefore denies same.   To the extent not admitted, FCS denies the remaining allegations contained in Paragraph 11 of the Complaint.

12.    FCS asserts that the letters attached to the Complaint as Exhibits I and J speak for themselves.  Plaintiff Bragg called FCS on or about June 19, 2008.  To the extent not admitted, FCS denies remaining allegations contained in Paragraph 12 of the Complaint.

13.    FCS admits that it received a letter, with certification number 7007-0710-0001-5385-8178, on or about July 2, 2008, and that said letter was received by a Nick Moreland.  FCS denies the remaining allegations contained in Paragraph 13 of the Complaint.

14.    FCS denies the allegations contained in Paragraph 14 of the Complaint.

15.    FCS denies the allegations contained in Paragraph 15 of the Complaint.

16.    FCS denies the allegations contained in Paragraph 16 of the Complaint.

## Summary

17.    FCS denies the allegations contained in Paragraph 17 of the Complaint and demands strict proof of the damages claimed therein.

4

## TRIAL BY JURY

18.     The allegations contained in Paragraph 18 of the Complaint are legal conclusions that do not call for a response from FCS.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

19.     In answering Paragraph 19 of the Complaint, FCS adopts, repeats, and realleges each and every admission, denial, and denial of knowledge or information set forth in the preceding paragraphs as if fully set forth herein.

20.     FCS denies the allegations contained in Paragraph 20 of the Complaint.

21.     FCS denies the allegations contained in Paragraph 21 of the Complaint and demands strict proof of the damages claimed therein.

## COUNT II.

## INVASION OF THE RIGHT OF PRIVACY

22.     In answering Paragraph 22 of the Complaint, FCS adopts, repeats, and realleges each and every admission, denial, and denial of knowledge or information set forth in the preceding paragraphs as if fully set forth herein.

23.     FCS denies the allegations contained in Paragraph 23 of the Complaint.

5

24.     FCS denies the allegations contained in Paragraph 24 of the Complaint.

25.     FCS denies the allegations contained in Paragraph 25 of the Complaint and demands strict proof of the damages claimed therein.

## COUNT III.

## <u>VIOLATION OF THE ELECTRONIC FUNDS TRANSFER ACT</u>

## <u>15 U.S.C. § 1693 et seq.</u>

26.     In answering Paragraph 26 of the Complaint, FCS adopts, repeats, and realleges each and every admission, denial, and denial of knowledge or information set forth in the preceding paragraphs as if fully set forth herein.

27.     FCS denies the allegations contained in Paragraph 27 of the Complaint.

28.     FCS denies the allegations contained in Paragraph 28 of the Complaint and demands strict proof of the damages claimed therein.

## COUNT IV.

## <u>NEGLIGENT, RECKLESS AND WANTON TRAINING AND</u>

## <u>SUPERVISION</u>

29.     In answering Paragraph 29 of the Complaint, FCS adopts, repeats, and realleges each and every admission, denial, and denial of knowledge or information set forth in the preceding paragraphs as if fully set forth herein.

30.     FCS denies the allegations contained in Paragraph 30 of the Complaint.

31.    FCS denies the allegations contained in Paragraph 31 of the Complaint.

32.    FCS denies the allegations contained in Paragraph 32 of the Complaint.

33.    FCS denies the allegations contained in Paragraph 33 of the Complaint.

34.    FCS denies the allegations contained in Paragraph 34 of the Complaint.

35.    FCS denies the allegations contained in Paragraph 35 of the Complaint and demands strict proof of the damages claimed therein.

## **PRAYER FOR RELIEF**

In answering the Paragraph beginning "WHEREFORE," and with respect to allegations "1" through "9" therein, FCS answers as follows:

## **COUNT I.**

## **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

## **15 U.S.C. § 1692 et seq.**

1.    FCS denies that Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and further denies that Plaintiffs suffered any damages or injury or are entitled to any of the relief sought in this action;

2.    FCS denies that Plaintiffs are entitled to statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and further denies that Plaintiffs suffered any damages or injury or are entitled to any of the relief sought in this

action; and

3.    FCS denies that Plaintiffs are entitled to an award of costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) and further denies that Plaintiffs suffered any damages or injury or are entitled to any of the relief sought in this action.

## COUNT II.

### INVASION OF THE RIGHT OF PRIVACY

4.    FCS denies that Plaintiffs are entitled to compensatory and punitive damages and further denies that Plaintiffs suffered any damages or injury or are entitled to any of the relief sought in this action; and

5.    FCS denies that Plaintiffs suffered any damages or injury or are entitled to any of the relief sought in this action.

## COUNT III.

### VIOLATION OF THE ELECTRONIC FUNDS TRANSFER ACT

### 15 U.S.C. § 1693 et seq.

6.    FCS denies that Plaintiffs are entitled to actual, consequential, and statutory damages, together with their costs of action and the reasonable fees of their attorneys, and further denies that Plaintiffs suffered any damages or injury or are entitled to any of the relief sought in this

8

action; and

7.      FCS denies that Plaintiffs suffered any damages or injury or are entitled to any of the relief sought in this action.

## COUNT III.

## NEGLIGENT, RECKLESS AND WANTON TRAINING AND SUPERVISION

8.      FCS denies that Plaintiffs are entitled to compensatory and punitive damages and further denies that Plaintiffs suffered any damages or injury or are entitled to any of the relief sought in this action; and

9.      FCS denies that Plaintiffs suffered any damages or injury or are entitled to any of the relief sought in this action.

**WHEREFORE**, FCS prays that judgment be entered in its favor and against Plaintiffs and for other and further relief that this Court deems just and equitable.

## AFFIRMATIVE DEFENSES

FCS asserts the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest with Plaintiffs.

## FIRST AFFIRMATIVE DEFENSE

FCS pleads the general issue and pleads not guilty.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

An assessment of punitive damages in this action is unconstitutional as to FCS and as applied to the acts and circumstances in this case in that:

a.     It operates to create an arbitrary and capricious method and manner for the jury's assessment and determination of damages, without regard for the quality and quantity of culpability of other defendants joined in one action;

b.     It operates to deny to FCS a fair opportunity to have the jury assess damages based on FCS's culpability for negligence which cannot be segregated from allegations of negligence against other defendants joined in this action;

c.     In failing to provide for joint contribution and an apportionment of damages among defendants, it deprives FCS of property without due process of law and contrary to the Fifth and Fourteenth Amendments to the Constitution of the United States and specifically to those portions thereof proscribing any state from depriving any person of property without due process of law;

d.     In failing to provide for joint contribution and an apportionment of damages among defendants, it deprives FCS of property without due process of law contrary to Article I, Section 6 of the Constitution of the State of Alabama which

provides, insofar as are germane, that no person shall be deprived of property except by due process of law.

e. An award of punitive damages in this case against FCS would be unconstitutional for the reason that awards of punitive damages are not governed by any specific standards, are not based on rational distinctions, do not serve any legitimate state interest and thereby violate the due process and equal protection provisions of both the Fourteenth Amendment to the United States Constitution and Article I, Sections 1, 6, and 22 of the Constitution of Alabama.

f. Any demand for punitive damages violates the Sixth Amendment of the United States Constitution in that such claim for punitive damages is a claim that is penal in nature, entitling FCS to the same procedural safeguards accorded to a criminal defendant under the Sixth Amendment.

g. Any demand for punitive damages violates the self-incrimination clause of the Fifth Amendment of the United States Constitution in that the damages claimed are penal in nature while FCS is required to disclose documents and/or other evidence without the safeguard against self-incrimination set out in the Fifth Amendment.

h. Any demand for punitive damages violates the Fifth Amendment of the United States Constitution which prohibits deprivation of life, liberty, or property except by due process of law in that the claim for punitive damages is vague and not

rationally related to any legitimate government interests.

i.      Any demand for punitive damages violates the rights guaranteed by the United States Constitution in that the claim for punitive damages is penal in nature for which the burden of proof on Plaintiffs is less than the "reasonable doubt" standard required in criminal cases.

j.      Any demand for punitive damages is unconstitutional under the Constitution of the State of Alabama which provides in Article I, Section 6, that no person shall be deprived of life, liberty, or property except by due process of law, in that the punitive damages claimed are vague and not rationally related to any legitimate government interests.

k.      Any demand for punitive damages is unconstitutional under the Constitution of the State of Alabama, Section 6, which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that the punitive damages claimed are penal in nature, requiring a burden of proof on Plaintiff that is less than the "reasonable doubt" standard applicable in a criminal case.

l.      Punitive damage awards in Alabama are not governed by any specific standards, are not based upon rational distinctions, and do not serve any legitimate state interest.   Consequently, such awards violate the due process and equal protection provisions of both the Fourteenth Amendment of the United States

Constitution and Article I, Sections 1, 6, and 22 of the Constitution of the State of Alabama.

m.     The amount of an award of punitive damages could violate the excessive fines provisions of the Eighth Amendment of the United States Constitution and Article I, Section 15 of the Constitution of the State of Alabama.

n.     Punitive damages are penal in nature, yet defendants in civil actions are not accorded the same procedural safeguards accorded to criminal defendants under the Fourteenth, Fifteenth, and Sixteenth Amendments to the United States Constitution, including, without limitation, requiring proof beyond a reasonable doubt and imposing civil penal fines in excess of those fines that could be imposed under criminal law.

o.     Plaintiffs's claims for punitive damages are barred or limited by the provisions of Code of Alabama § 6-11-20, *et seq.* (1975) and/or any other applicable statutory provision.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs's claims are barred because the claimed injuries and damages, if any, were not proximately caused by any alleged acts or omissions of FCS.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs's claims are or may be barred because the claimed injuries and damages, if any, were or may have been caused by the conduct of third parties, including but not limited to the prior, intervening, or superseding conduct of third parties.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs's claims are or may be barred by estoppel, waiver, release, and/or laches.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs's claims are barred because they did not sustain any damages as a proximate result of any alleged wrongdoing by FCS.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs's claims are, or may be, barred by release or acquiescence.

## NINTH AFFIRMATIVE DEFENSE

FCS is not liable for any acts of its agents and employees committed outside the scope of their agency, employment, or authority.

## TENTH AFFIRMATIVE DEFENSE

At all times relevant hereto, FCS's actions were reasonable.

## ELEVENTH AFFIRMATIVE DEFENSE

At all times relevant hereto, FCS acted in good faith and with due care and diligence and without malice or intent to injure Plaintiffs.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs's claims are or may be preempted in whole or in part or otherwise limited or precluded by federal law and/or regulations.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs's claims are or may be barred or diminished by FCS's right to setoff and/or recoupment arising from defaults, judgments, or otherwise.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs's claims are or may be barred because they failed to mitigate their alleged damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

FCS did not act willfully or with malice in its attempts to collect the subject debt.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs's claims are or may be barred under the doctrines of unclean hands or *in pari delicto* or both.

## SEVENTEENTH AFFIRMATIVE DEFENSE

FCS has complied with all applicable provisions of the Fair Debt Collection Practices Act.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs's claims are or may be barred in whole or in part by the applicable statutes of limitation.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs's claims are or may be barred under the doctrines of quasi-contract or unjust enrichment or both.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs's claims are or may be barred under the doctrines of *res judicata* or collateral estoppel or both.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs's claims are or may be barred, in whole or in part, by the voluntary payment doctrine.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

FCS is entitled to the bona fide error defense which the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(c), provides.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

FCS has complied with all applicable provisions of the Electronic Fund Transfer Act.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

FCS at all times acted in good faith and without scienter. To the extent that the Electronic Fund Transfer Act applies and to the extent any violation of the Electronic Fund Transfer Act occurred, each of which is expressly denied, such violation was not intentional and resulted from bona fide error notwithstanding the maintenance of procedures by FCS reasonably adapted to avoid any such error. At all times FCS had policies and procedures in place that are consistent with compliance with the Act.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

FCS at all times acted in good faith and without actual malice.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

FCS reserves the right to assert additional defenses of which it learns through the course of discovery.

Respectfully submitted,

/s/Brent G. Grainger
John W. Scott
Brent G. Grainger
Attorneys for Defendant
Franklin Collection Service, Inc.

17

**OF COUNSEL:**
SCOTT DUKES & GEISLER, P.C.
2100 Third Avenue North, Suite 700
Birmingham, Alabama 35203
Telephone:  (205) 251-2300
Telecopier:  (205) 251-6773
Email:          jscott@scottdukeslaw.com
                   bgrainger@scottdukeslaw.com


## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants: Penny Hays Cauley, Esq., and Ronald C. Syktus, Esq.

/s/ Brent G. Grainger
Of Counsel

46908.1

18